May it please the Court, my name is Mandy Favalora, and I represent the appellant plaintiffs David and Carla Marshall and their son Adam. The core issue in this case is that the transition statute under the California Education Code does not permit a school district the discretion in implementing the previously approved IEP. This is to protect children from the type of abuse that occurred in this matter. This case centers around Adam, a boy who wanted to go to his local school, and who the school district systematically prevented from being able to do so. The school district treated Adam in the words of Thurgood Marshall in his dissent in Claiborne v. Claiborne Living Center, as if his disability rendered him an outsider and a pariah in the community. The IDEA requires that handicapped children be educated with non-handicapped children to the maximum extent appropriate. And the actions of the school district in this matter eviscerated that purpose by segregating Adam and other children like him outside of their community. So counsel, my understanding is that the two issues in this case are whether or not Adam was provided a free appropriate public education and whether or not he was placed in the least restrictive environment according to his abilities, right? Yes, your honor. Okay, so tell us why he was not, are you maintaining that he was not given the proper free appropriate public education? Yes, your honor. Tell us why. The previous school district that Adam had come from developed an IEP based on providers that had known Adam for quite some time, over a year in some cases, and provided services. You're talking about the alternative? The IEP from the Maricopa, California Virtual Academy School. And had that IEP been implemented? No, your honor. So does it make a difference that it hadn't been implemented? It shouldn't. The transfer statute for students is that the IEP had to be previously approved. The IDA says that it was the IEP that was previously held. This court has held in Ms. F. versus the Shawn Island School District that when the IEP is the last agreed upon IEP, the school district chose to ignore that statute and go with what they deemed a previously implemented IEP. Well, wouldn't it be reasonable for the transferring school to determine whether or not the plan that had been developed but not implemented was appropriate for the new school because it hadn't been proven to be able to be used with Adam? Why would that be a violation of the law? The statute provides for that type of situation. Specifically, the receiving school district is to implement the previously approved IEP. They then have a time period of 30 days to work under that IEP, observe the student, and determine whether or not that's an appropriate IEP. And they can then hold another IEP meeting. Even if it hasn't been implemented anywhere? Yes, your honor. Do you have a case that informs us that an IEP that has been developed but not implemented must be used by the transferee school? I believe this is the first case of impression in that. But the California statute does not actually, and neither does the IDA, does not say that the IEP needed to be implemented. It says that a student needs an IEP that was in effect, which simply means that the student was eligible. It doesn't say the IEP as the district court. What does in effect mean? I guess that's the question we have to decide. Yes. Whether or not an IEP that's been adopted but not implemented is in effect. Exactly, your honor. The IDA, I believe, the IDA is the language, the IEP in effect. But under the California code, it's a student who had an IEP. So our contention is that this is a condition precedent in this matter, that the student be eligible to receive services under an IEP. And thereby, when you get to the receiving school district, you have the previously held or the previously approved IEP is what you work under. What about the least restrictive environment issue? Yes, your honor. In this matter, the least restrictive environment for Adam was a general education classroom. People that had worked with Adam for a year determined that he could receive some educational benefit within that setting. They determined that he could do third, fourth, and fifth grade goals. They wrote goals at that level. Had he ever been in a general classroom? No, your honor. He had visited a general education classroom as part of his, with a field trip that he had with the California Virtual Academy. So he had interacted with peers. He was in a Sunday school setting with typical peers who interacted with him. And he had a response that he was able to show that he was enjoying that type of interaction with typical peers. And the providers, the teachers that had worked with him, were able to elicit a response from him at the curriculum, the levels indicated within his IEP, the grade levels indicated. Now, sadly, Adam passed away before this matter was concluded. So the district takes the position that Adam's passing made this case moot. What's your response? The response to that, your honor, is that the matter is not moot. As the case, parents have rights under the IDA. Under Winkleman, announced by the Supreme Court, parents have their own substantive rights. And in this matter specifically, parents claimed reimbursement rights at all levels. And so there's reimbursements that are due to parents in that matter. What would the reimbursements be in this particular case for the parents? There were reimbursements for services provided during that initial 30-day period, as well as for some equipment that parents had purchased. And there was testimony to that. It's in the record, I believe it's 302, the excess of records 302 and 306 to 309. And there's testimony from the father regarding those reimbursements. Now, could you point us to the record at each stage of the proceeding where the parents continued to pursue their separate claim for reimbursement? In the initial underlying hearing, there was the testimony from the parent. And then in the closing brief in front of OAH, there was a request for those reimbursements. I believe those are the ones I previously cited to you. Yes, they are at 302, the excess of records 302 and 306 to 309. Okay, just a minute. Sure. Was any effort made to divide the attorney's fees functionally in which parts were earned before and which were approved after the child passed away? The district court judge ruled that the attorney's fees were only awarded from, I believe, February 13, 2008, when our office informed the district's counsel that we would be continuing with the matter. So from that point forward is when the award was for. And so, okay, at the district court level, could you point to us where the reimbursement claim was made? That would have been in our complaint, in our second amended complaint, I believe. I don't have the exact site for that, Your Honor. You can proceed. Okay. With regards to the mootness claim, the parents, as I stated, had separate rights. And under those separate rights, under Winkleman, also under Mark 8, parents have their own private right of action under 504, which was the second claim in this action. But would you agree if the parents didn't pursue that claim in district court, that they forfeited that claim? The IDEA claim or the 504? The claim for reimbursement, if that was not included as part of the district court case. If there was no claim for reimbursement, then there was not an IDEA claim that would have been continued, but there's also a 504 claim in this matter as well. Okay, but don't our cases say that the 504 claim pretty much follows the IDEA claim? So if there is a free, appropriate public education and there's no violation of IDEA, how could you prevail on a 504? We actually alleged in the second amended complaint, Your Honor, a much broader violation of 504 than the FAPE requirement. And this court in Mark H. v. Lenahue specified that a valid IEP was only one way to meet the 504 FAPE requirements. And appellant plaintiffs, again, alleged a broader violation of that. But, okay, if that's one way to meet it, if they've done that, then you can't have a claim under 504 then. I would disagree. I don't believe that the Mark H. case went as far as to say that. So what's the broader relief that you're seeking under 504 that's broader than what you would be entitled to under the IDEA? The claim would be, the examples from the record would be the deliberate avoidance of implementing the IEP by members who knew him, the fact that the school district ignored the standard procedures when they enrolled Adam in school. There was testimony that the special ed director normally let children in with their previously approved IEP, but she testified that in this case she thought that she needed to hold an intake meeting. There was a refusal by the school district to even allow Adam to view a general education classroom. And further, there's actually, in terms of the relief sought, there's relief sought for lost wages in this matter as well as other damages related to the 504 claim specifically. Furthermore, the court delivered, this court rather, determined in Capistrano Unified School District v. Wardenburg, that the amount of deference according to an ALJ's findings increases when the findings are careful and thorough. The district court in this matter did not make a finding that the ALJ's decision was careful and thorough. And the district court was silent on the ALJ's conclusions of law regarding the standard applies to the transfer statute, which was a major issue in this case, as it's where we contend that had the district implemented that previously approved IEP, that Adam would have had a chance to go within the general education setting. And the fact that the district court failed to review that conclusion of law by the ALJ, we believe, is a problem with that matter. Did you want to take some time for rebuttal? Yes, I would. Thank you. Good morning. May it please the Court. Jonathan Mott of Parker and Covert, representing the appellees of the Minervia Unified School District in the cell phone. Is the entire Second Amendment complaint in the record anywhere? It was put in the record by my supplemental excerpts of record. The appellant did not include the entire complaint for some reason. Please proceed. Thank you. I think your comments regarding the appellant's argument were very precipient. The December 2005 IEP that the appellants presented the school district with was a very peculiar one. It was arranged the last working day before they arrived at the school district. The district had no notice of it. However, it was arranged through a so-called virtual academy and a small school district in another county. It was an IEP that could never have been implemented by those people. They had no classrooms. And what we found out was that- Well, can I ask you about that? Your brief makes repeated references to the phrase, an IEP that was in effect, right? Yes. I don't believe that's what the statutory scheme says. The statutory scheme says an IEP that was approved. And then there's a huge difference between approved and being in effect. And I take it that you want us to read out the plain meaning of the word approved and substitute your phrase for in effect when there's no statutory or case law basis to support it, and you do that throughout the brief. Isn't that what you want us to do? Well, the California statute on that was changed somewhere around that same time at the end of 2005, 2006. It's a little more restrictive now than it used to be, so you have to look at the wording of the statute there. But you don't cite that. You just interpret previously approved to mean an IEP that was in effect. Well, I think that's true. This IEP was never in effect. It was never implemented. It couldn't be put into effect or implemented by the EU. Well, I understand that, but the statute doesn't require that. Well, there has to be some reason to this. Well, we found out the attorney for the plaintiffs essentially went to that IEP meeting and dictated at the beginning of the meeting what results that she wanted with the implication that she was going to sue those people if they didn't deliver her an IEP that she could then take to the school district the next business day and present to them and demand it be implemented. There was no way that CAVA or the small school district that it was associated with could ever have done that IEP. And there was no real reason why they did it on that time except to present a fait accompli to the Monrovia School District without its knowledge the next day. So that's why you changed the statutory language from previously approved to an IEP that was in effect. If I did that, that's correct. Well, isn't that what you did? You tell me. Well, I think there has to be an understanding of what previously approved means. And your understanding as previously approved means in effect. It doesn't mean an absurdity of where nobody can ever challenge that. And remember, this is only the district then went ahead and did their own IEP within a 30-day period. They took the last IEP, which they felt was approved in effect and implemented, which was the- That was three years old? Yes. And that was another issue between the appellant and the school that they had been attending. They didn't do IEPs very frequently. So what happens if a transferee school gets an approved IEP from a transferring school and it can't be implemented at the new school? What happens then? Well, they implement it as much as possible, but they have to look at it and decide whether it makes sense for this child. That was another factor. The special ed director at the school district, who knew this child from years before when we'd been in preschool there and had been associated with the 2002 IEP, felt that this new IEP could not be implemented and would not be of benefit to the child. It was more important. And therefore, she held an intake meeting with the parent and then set up the services that would start immediately and then set up a new IEP process, which the parents did not- Were attorney's fees awarded to the parents? No. And they're not seeking attorney's fees at this point? Well, they were seeking fees in the case, but the fees were awarded to the district. So the only issue on appeal is whether or not there was a violation of the- If they prevail on appeal, I'm sure, then they would ask for attorney's fees, right? That's an issue, yes, along with the- Could you talk about the mootness issue? Yes, Your Honor. Your Honor, we feel that the case essentially did become moot after the minor plaintiff passed away during the pendency of the litigation. They made an argument about the parents' rights, about Section 504. However, there were some vague arguments. I mean, there was some vague testimony in the administrative hearing about reimbursements and that sort of thing. That did not carry through to their Second Amendment complaint. That's why I wanted to look at the entire complaint, because I'm looking at the allegations and I don't see any specific allegations in the Second Amendment complaint that talked about reimbursement or really talked about the Rehab Act. And more to the point, when you get to the point of summary judgment, you can't just sit back and rely on the allegations of the complaint or some vague testimony in the administrative hearing that the ALJ decided was not persuasive enough to award any reimbursements. You have to come forward with evidence at that point. They did not do that in response to our summary judgment motion. So we feel that the Section 504 claims of the parents, that there are any, were waived at some point during the proceedings. Sir, are you clairvoyant? No, I'm not. Are you? No, I'm not. Well, you seem to be with regard to the district court's findings of fact and conclusions of law in the case. Didn't you just actually sign exactly what you prepared without changing a single word? No, they modified it a little bit. A little bit? It was essentially what we prepared. And there's nothing wrong with that. The court felt that our proposed findings of fact and conclusions of law were correct. They could sign those. They don't have to write up findings of fact to the satisfaction of the other party on every issue. They could have submitted their own. And then again, I don't know if it's in the record. Proposed findings of fact and conclusions of law that the court felt were correct. Well, that's a practice that the circuit has frequently strongly criticized but never prohibited. Doesn't it call into question at least the appearance of justice when a judge does that? I mean, I've been a trial court judge for 16 years. I've never allowed a party to submit proposed findings of fact and conclusions of law. That's just my own personal belief. Well, the local rule, at least in the central district, requires that counsel submit those with summary judgment motions, and the court is free to throw it out and write their own. I've seen them do that also. But in this case, the judges did sign essentially what we submitted. Do you recall what changes, if any, were made? I think they took out some references to specific evidence that we had put in supporting this point, and they just made statements instead of statements supported by evidence. But the proposed document is in the record, I believe, somewhere. We feel that the 504 claim essentially follows the IDEA claim, and if the court finds that there's no merit to the IDEA claim, then the 504 claim goes as well, whether that pertains to the child or the parents. Anything else? I don't have anything further to do. Thank you. Thank you, Your Honor. Rebuttal? May it please the Court, Your Honor? With regards to the language in the statute that the IEP was previously approved, there are statutes within this area of the law that say implement, so the legislature could have put that into the statute. The state put statute, for example, for when there's a disagreement between parents and the school district says it's the previously implemented IEP, and that's to protect the status quo. But for a student that's transferring into a new district, there's a completely different purpose and policy behind that statute. It's related to the fact that the previous school district is the school district that knew the student, that determined what was appropriate for that student and what they could or could not do. When the student transferred into the statute, I believe the special ed director really had no previous knowledge of the student at that time. Counsel, doesn't 20 U.S.C. section 1414D2C, little I, big I, talk about any of that? It does, Your Honor, but it says an IEP that was in effect. It doesn't say the IEP in effect, which is the change that the administrative law judge made to that statute. Right, but the words in effect are used. It's not like they're not there. And the second question I wanted to ask you is, what deference, if any, do we give to the administrative hearing officer's decision? This court typically provides deference, but with an independent review, rather. So this is an area of specialty, and the hearing officers specialize in this area of the law. And so I just wanted to be sure that there's some deference that is owed to those individuals who have developed an expertise in this very specialized area. Yes, Your Honor, but I believe that at the district court level, the concern is that that judge did not review those conclusions of law, and so it's unclear whether or not the entire record was reviewed specifically when the order was adopted, almost wholesale, from counsel. Anything else? I have nothing further. All right. Thank you, counsel. Thank you. Thank you to both counsels. Hence, this argument is submitted for a decision by the court. The final case on calendar for our...
judges: Aldrich, Bennett, Goodwin